UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYLER A. MONTOUR,

        Petitioner,

        v.                                            Case No. 19-C-1604

CATHY A. JESS,

        Respondent.

## DECISION AND ORDER DENYING MOTION TO DISMISS

        In November 2015, Petitioner Tyler Montour was convicted in state court of one count of attempted first-degree intentional homicide and one count of possession of a firearm by a felon in violation of Wis. Stat. §§ 939.32(1)(a), 940.01(1)(a), and 941.29(2). He was sentenced to a total of 40 years of imprisonment and additional terms of extended supervision. The Wisconsin Court of Appeals affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review. On November 1, 2019, Montour filed a petition for writ of habeas corpus, claiming that his Sixth Amendment right to the effective assistance of counsel was violated because his attorney unreasonably failed to argue for the lesser included offense of recklessly endangering safety. The petition also appeared to assert a claim that trial counsel provided ineffective assistance in recommending that Montour reject the State's pretrial offer to allow him to plead guilty to the lesser charge, but Montour has clarified that this claim is not part of his current petition. The case is before the Court on Respondent's motion to dismiss on the ground that Montour procedurally defaulted and thus failed to exhaust his state court remedies. Because of the unusual procedural

history of the case, the Court appointed counsel. For the reasons that follow, the Court now concludes that Respondent's motion should be denied.

## BACKGROUND

On June 12, 2015, a person identified in court records as BK was shot in the leg outside a Walworth County bar. Several years earlier, BK and an accomplice had entered the home of Montour's sister and her husband while masked and armed, threatened them, and stole some "weed." Though charged with first-degree recklessly endangering safety, burglary, and possession of a firearm by a felon, a jury found BK guilty only of the firearm charge. BK encountered Montour at the Hawks Nest bar on the evening of June 12, 2015, and they exchanged words about BK's robbery of Montour's sister. Later that evening, as BK and his friends were standing outside the bar, he saw Montour lean out the passenger window of a dark sedan, yell an epithet at him, and fire a handgun six or seven times in his direction. One of the bullets struck BK in the leg. Montour was charged with attempted first-degree intentional homicide and possession of a firearm by a felon.

The State offered to allow Montour to plead guilty to first-degree reckless endangerment and felon in possession of a firearm, but Montour on advice of counsel rejected the State's offer. Although the driver of the vehicle from which the shots were fired, as well as several other eyewitnesses, identified Montour as the shooter, counsel pursued a strategy that Montour was not the shooter and argued as much in her closing to the jury. In her closing argument to the jury, counsel did not contend that the evidence was insufficient to show the intent to kill required for attempted first-degree intentional homicide and said nothing about the lesser included offense of first-degree reckless endangerment. The jury found Montour guilty of attempted first-degree intentional homicide and possession of a firearm by a felon.

2

Montour filed a postconviction motion alleging his trial counsel had been constitutionally ineffective in failing to argue for the lesser included crime of reckless endangerment after it became clear from the evidence that Montour was the shooter. His trial counsel testified at an evidentiary hearing on the motion that the defense strategy was to insist on a speedy trial in the hope that the State's witnesses would fail to show up for trial. Counsel testified that, even though the State's witnesses all showed up and identified Montour as the shooter, it never crossed her mind to change the defense. Dkt. No. 15-3 at 22–23. Even after Montour told her that he wanted to testify and explain to the jury that, while he did shoot in BK's direction, he only intended to scare him, counsel continued with the defense that he was not the shooter and strongly encouraged him not to testify since his testimony would be inconsistent with the "all or nothing" defense strategy. *Id.* at 23. Counsel acknowledged that she should have considered a change in the "all or nothing" strategy after Montour indicated he wished to testify and admit to the shooting, but without an intent to kill. *Id.*

The trial court found that counsel's performance was not constitutionally deficient and denied Montour's motion for postconviction relief. The Wisconsin Court of Appeals affirmed his conviction and the order denying his motion for postconviction relief. Montour's postconviction counsel then filed a "partial petition for review" with the Wisconsin Supreme Court pursuant to Wis. Stat. § 809.32(4), which describes the procedure an attorney must follow if the attorney believes the petition for review her client requested the attorney file would be frivolous and without arguable merit.

A petition seeking review of a criminal case by the Wisconsin Supreme Court is normally required to contain the following:

> (a) A statement of the issues the petitioner seeks to have reviewed, the method or manner of raising the issues in the court of appeals and how the court of appeals

3

decided the issues. The statement of issues shall also identify any issues the petitioner seeks to have reviewed that were not decided by the court of appeals. The statement of an issue shall be deemed to comprise every subsidiary issue as determined by the court. If deemed appropriate by the supreme court, the matter may be remanded to the court of appeals.

(b) A table of contents.

(c) A concise statement of the criteria of sub. (1r) relied upon to support the petition, or in the absence of any of the criteria, a concise statement of other substantial and compelling reasons for review.

(d) A statement of the case containing a description of the nature of the case; the procedural status of the case leading up to the review; the dispositions in the circuit court and court of appeals; and a statement of those facts not included in the opinion of the court of appeals relevant to the issues presented for review, with appropriate citation to the record.

(e) An argument amplifying the reasons relied on to support the petition, arranged in the order of the statement of issues presented. All contentions in support of the petition must be set forth in the petition. A memorandum in support of the petition is not permitted.

(f) An appendix containing, in the following order:

    1. The decision and opinion of the court of appeals.

    2. The judgments, orders, findings of fact, conclusions of law and memorandum decisions of the circuit court and administrative agencies necessary for an understanding of the petition.

    3. Any other portions of the record necessary for an understanding of the petition.

    4. A copy of any unpublished opinion cited under s. 809.23(3)(a) or (b).

Wis. Stat. § 809.62(2).

If, however, the attorney is of the opinion that a petition for review in the supreme court under § 809.62 would be frivolous and without any arguable merit, the attorney shall advise the client of the reasons for this opinion and that the client has the right to file a petition for review. Wis. Stat. § 809.32(4). If requested by the client, the attorney is then required to file a petition

satisfying the requirements of §§ 809.62(2)(d) and (f), and the client is required to file a supplemental petition satisfying the requirements of §§ 809.62(2)(a), (b), (c), and (e). *Id.*

In compliance with the statute, Montour's attorney filed a "partial" petition for review setting out the information required in §§ 809.62(2)(d) and (f). Dkt. No. 15-5. The Clerk of the Wisconsin Supreme Court then sent Montour a letter advising him that on September 6, 2018, his attorney had filed a petition for review of the decision of the Wisconsin Court of Appeals. Dkt. No. 15-6. The letter informed Montour that "[p]ursuant to Wis. Stat. §§ 809.32(4) and 809.62, you are required to file a statement of reasons in support of the review within 30 days of the date of the decision of the court of appeals." *Id.* It further stated, "[i]f we do not receive such a statement within the prescribed time, this matter will be submitted to the court for appropriate action." *Id.* The letter indicates that copies of "Rules 809.32 and 809.62" were enclosed.

Montour did not respond to the letter or file the required supplement to the petition filed on his behalf. By order dated December 11, 2018, the Wisconsin Supreme Court denied the no-merit petition for review. Dkt. No. 1-1 at 12. Montour then filed his petition for federal relief pursuant to 28 U.S.C. § 2254.

## ANALYSIS

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b)(1). As the Seventh Circuit explained in *Lewis v. Sternes*:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise

5

the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

390 F.3d 1019, 1025–26 (7th Cir. 2004).

A federal court generally "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Procedural default is an adequate and independent state law ground that precludes federal review. *Reed v. Harris*, 489 U.S. 255, 262 (1989). If a petitioner fails to fairly present a claim to the state courts for consideration and no longer has any opportunity to do so, the claim is considered procedurally defaulted. *Lewis*, 390 F.3d at 1026 ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."). That is what Respondent contends Montour did here.

Respondent argues that Montour procedurally defaulted his claim that his attorney was ineffective by failing to supplement his attorney's "partial petition for review" of the decision issued by the Wisconsin Court of Appeals. But Montour did in fact seek review of the decision of the Wisconsin Court of Appeals affirming his conviction. His attorney apparently believed that a petition for review would be frivolous and lack arguable merit and filed instead a "partial petition for review," utilizing the procedure Wisconsin law prescribes for a "no-merit" petition for review. *See* Wis. Stat. § 809.32(4). The record is silent as to whether Montour's attorney ever discussed this procedure with Montour. In any event, upon receipt of his attorney's "Partial Petition for Review," the clerk of the Wisconsin Supreme Court sent Montour a letter that read as follows:

> Dear Tyler A. Montour:
>
> On September 6, 2018, your appointed counsel filed a petition for review of the court of appeals decision dated August 15, 2018. The petition states you will be responsible for providing reasons in support of the review.

> Pursuant to Wis. Stats. § 809.32(4) and 809.62 you are required to file a statement of reasons in support of the review within 30 days of the date of the decision of the court of appeals. If we do not receive such a statement within the prescribed time, this matter will be submitted to the court for appropriate action.

Dkt. No. 15-6. Because Montour failed to file a statement of reasons in support of the review as the letter directed, Respondent argues he failed to fairly present his claim to the Wisconsin Supreme Court and thereby procedurally defaulted his claim.

But the letter did not tell Montour that he needed to comply with § 809.32(4) in order to preserve his right to have his petition considered by the supreme court. To the contrary, it said that if the court did not receive his statement of reasons within the prescribed time, "this matter would be submitted to the court for appropriate action." Dkt. No. 15-6. Moreover, the Wisconsin Supreme Court did not hold that Montour procedurally defaulted his right to review. The court's one-sentence order reads:

> A petition for review pursuant to Wis. Stat. §§ 808.10 and (Rule) 809.32(4) having been filed on behalf of defendant-appellant-petitioner Tyler A. Montour, and considered by this court;
>
> IT IS ORDERED that the petition for review is denied, without costs.

Dkt. No. 18-1. In other words, the court did not dismiss Montour's petition for review for failing to comply with § 809.32(4); it simply denied the petition using the same wording it uses in each order denying a petition for review. If Wisconsin intended to make a failure to file a supplemental petition to a "partial petition" a procedural default, it did not plainly do so.

Notwithstanding the language used by the court in its order denying Montour's petition for review, Respondent argues that Montour nevertheless procedurally defaulted his claim because he failed to comply with § 809.32(4). Respondent argues that in failing to supplement his attorney's petition, Montour failed to fairly present his claim to the Wisconsin Supreme Court. In support of this argument, Respondent cites *Promotor v. Pollard*, 628 F.3d 878, 889 (7th Cir. 2010), in which

7

the court held that "[a]ppending a prior court's decision without developing an independent position does not allow meaningful review of the substance of the claims." But the petition for review filed on Montour's behalf provided far more than the decision of the court of appeals. The detailed statement of the case in the petition included a description of the case's procedural history through the courts at each level (e.g., pretrial, trial, sentencing, postconviction, appeal). Dkt. No. 15-5 at 3–23. This part of the petition clearly set out Montour's claim of ineffective assistance of counsel.

"No magic formula exists for presenting a federal constitutional claim . . . ." *Villanueva v. Anglin*, 719 F.3d 769, 775 (7th Cir. 2013). Nor do courts "require a hypertechnical congruence between the claims made in the federal and state courts." *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006). Instead, the court looks to "whether the petitioner (1) relied on pertinent federal cases employing constitutional analysis; (2) relied on state cases applying constitutional analysis to a similar factual situation; (3) asserted the claims in terms particular to a specific constitutional right; or (4) alleged a pattern of facts well within the mainstream of constitutional litigation." *Villanueva*, 719 F.3d at 775 (citing *Verdin v. O'Leary*, 972 F.2d 1467, 1473–74 (7th Cir. 1992)).

The partial petition for review filed on Montour's behalf meets this standard. The twenty-page statement of the case provided by Montour's attorney clearly laid out the sole claim on appeal, i.e., whether his trial attorney was ineffective in failing to argue for the lesser included offense of reckless endangerment. The phrase "ineffective assistance of counsel" is a well-recognized term of art specific to the Sixth Amendment right to counsel, *see Strickland v. Washington*, 466 U.S. 668 (1984), and the pattern of facts described in the petition, especially those related to Montour's motion for postconviction relief, fall well within the mainstream of constitutional litigation. Respondent does not argue otherwise.

This is not a case in which the petitioner buried a federal claim within a state-law claim or presented it in unusual terms. The petition for review filed on his behalf at least implicitly set out the operative law and explicitly the applicable facts that he thought entitled him to relief. *Compare Mills v. Kemper*, No. 19-CV-412 (E.D. Wis. Feb. 25, 2020). Dkt. No. 29-2. Montour's sole claim was explicitly rejected by the Wisconsin Court of Appeals, and it was that decision that he asked the Wisconsin Supreme Court to review. While the partial petition for review submitted on his behalf may not have fully complied with the procedural statutes governing the filing of such petitions, it was more than sufficient to provide the court with fair notice of the claim he requested the court to review. Absent any evidence that the Wisconsin Supreme Court denied Montour's request for review because he violated a procedural rule, the Court is unable to conclude there exists an adequate and independent state-law basis for its decision. The Court therefore concludes that Montour exhausted his state court remedies.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (Dkt. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order Respondent shall answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of Petitioner's claim: (1) Petitioner shall have 45 days following the filing of Respondent's answer within which to file his brief in support of his petition; (2) Respondent shall have 45 days following the filing of Petitioner's initial brief within which to file a brief in opposition; and (3) Petitioner shall have 30 days following the filing of Respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Green Bay, Wisconsin this 25th day of February, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge